IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


JOHN HENRY CUPPLES                                                          PLAINTIFF

v.                                        Civil No. 6:24-cv-06112-MEF

WELLPATH LLC
(Contract Medical Provider for Arkansas
Division of Correction);
NURSE TARA MAHEND
(Wellpath LLC)                                                            DEFENDANTS


## OPINION AND ORDER

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.* The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. (ECF No. 16). Currently before the Court is Plaintiff's failure to obey a Court Order and failure to prosecute this case.

## I.    BACKGROUND

Plaintiff filed his case on August 13, 2014. (ECF No. 1). Plaintiff was granted *in forma pauperis* ("IFP") status that same day. (ECF No. 3). In the order granting IFP status, Plaintiff was advised that he must inform the Court of any change of address within 30 days of that change, or his case would be subject to dismissal. (*Id.*).

Defendants filed a Motion for Summary Judgment on the Issue of Exhaustion on September 23, 2024. (ECF No. 11). Plaintiff filed a Response in Opposition on October 15, 2024. (ECF No. 18). The case was stayed and administratively terminated on December 13, 2024, after Wellpath LLC filed a Notice of Bankruptcy. (ECF Nos. 19, 20). The case was reopened on May 30, 2025. (ECF No. 22). The undersigned entered an Order denying the Motion for Summary Judgment on the Issue of Exhaustion on January 26, 2026. (ECF No. 26). The copy of that Order

1

sent to Plaintiff was returned as undeliverable on February 10, 2026. (ECF No. 27). The deadline for Plaintiff to advise the Court of his new address was set for March 12, 2026. (*Id.*). That deadline has passed, and Plaintiff has failed to inform the Court of his new address or to otherwise communicate with the Court.

## II.   LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. ... If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.   ANALYSIS

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to comply with a Court Order. Plaintiff has, therefore, failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to

comply with the Court's Local Rules and Orders and failure to prosecute this case.  Judgment will

be entered contemporaneously with this Order.

IT IS SO ORDERED on this 15th day of May 2026.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE